# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

BRANDON WISEMAN,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　)　No.
　　　　　　　　　　　　　　　　　　　　)
FOSTER AND MONROE LLC,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　　)

## PLAINTIFF'S COMPLAINT

Plaintiff, BRANDON WISEMAN ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, FOSTER AND MONROE LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Wisconsin Consumer Act, WIS. STAT. § 427.101, et seq.

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Waukesha, Waukesha County, State of Wisconsin.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and a person or customer as those terms are used in WIS. STAT. §§ 427.105 and 425.304.

9. Plaintiff allegedly owes a debt or a claim as those terms are defined respectively by 15 U.S.C. § 1692a(5) and WIS. STAT. § 427.103(1).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and WIS. STAT. § 427.103(3).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a is a New York limited liability company and national debt collection agency headquartered in the Town of Orchard Park, Erie County, State of New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, which is allegedly owed by Plaintiff arising from a household furniture purchase from Freedom Stores, Inc. in 2012.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

20. On or about October 1, 2013, the alleged debt was reduced to a money judgment in Norfolk, Virginia.

21. In or around January 2020, Defendant began calling Plaintiff's mother and sister in an attempt to collect the alleged debt from Plaintiff.

22. Plaintiff's mother and sister have each answered at least one of Defendant's collection calls.

23. During the above-referenced collection calls:

    a. Defendant's collectors disclosed to Plaintiff's mother and sister that Plaintiff allegedly owes a debt; and

    b. Defendant's collectors told Plaintiff's mother and sister that Plaintiff must call

Defendant's collectors back at 716-508-3354 or Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, Defendant will intercept Plaintiff's income tax refund, and similar threats.

24. 716-508-3354 is one of Defendant's telephone numbers.

25. In or around January 2020, Plaintiff called Defendant and spoke to one of Defendant's collectors.

26. During the above-refenced collection call:

    a. Defendant's collector demanded payment from Plaintiff;

    b. Plaintiff's inquired as to how Plaintiff would know whether Defendant's collection efforts were legitimate or not;

    c. Defendant's collector responded, by saying words to the effect, that Defendant's collector was "not some jihadi hiding in his mom's basement"; and

    d. Defendant's collector threatened Plaintiff that unless Plaintiff paid the alleged debt, Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund.

27. To date, Defendant has not sought to transfer its judgment to the State of Wisconsin or otherwise take any other action enforce its judgment in the State of Wisconsin against Plaintiff.

28. Levying of Plaintiff's bank account is not a remedy Defendant may pursue to collect on the alleged debt without first transferring its judgment to the State of Wisconsin or otherwise taking some other action to enforce its judgment in the State of Wisconsin against Plaintiff.

29. Defendant has never intended to transfer its judgment to the State of Wisconsin or

otherwise take any other action enforce its judgment in the State of Wisconsin against Plaintiff.

30. Pressing charges against Plaintiff is not a remedy Defendant may pursue to collect on the alleged debt.

31. Interception of Plaintiff's income tax refund is not a remedy Defendant may pursue to collect on the alleged debt.

32. The above-referenced empty and unlawful threats were calculated to frighten Plaintiff and Plaintiff's family and coerce Plaintiff to pay the alleged debt.

33. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

34. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated § 1692b(2) of the FDCPA by contacting Plaintiff's mother and sister and disclosing to Plaintiff's mother and sister that Plaintiff allegedly owes a debt;

    b. Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff's mother and sister in connection with its attempt to collect the alleged debt—clearly an attempt to embarrass and coerce Plaintiff into payment of the alleged debt;

    c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural

5

consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

d. Defendant further violated § 1692d of the FDCPA when Defendant called Plaintiff's mother and sister and disclosed to Plaintiff's mother and sister that Plaintiff allegedly owed a debt—clearly an attempt to embarrass and coerce Plaintiff into payment of the alleged debt;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt;

g. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt;

h. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt;

i. Defendant violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff if Plaintiff did not contact Defendant or pay the alleged debt;

j. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

k. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and

l. Defendant violated § 1692f(6) of the FDCPA by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement when Defendant's collectors made empty threats that

7

Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt.

37. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANDON WISEMAN, respectfully requests that judgment be entered against Defendant for the following:

39. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

40. Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

41. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

42. For such other and further relief as the Court may deem just and proper.

## COUNT II:
## DEFENDANT VIOLATED THE WISCONSIN CONSUMER ACT

43. Plaintiff incorporates by reference the foregoing paragraphs 1-35 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

44. Defendant violated the Wisconsin Consumer Act. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated WIS. STAT. § 427.104(1)(b) by threatening criminal prosecution when Defendant's collectors made empty threats that Defendant will press charges

against Plaintiff if Plaintiff did not contact Defendant or pay the alleged debt;

b. Defendant violated WIS. STAT. § 427.104(1)(i) by its use of threatening language in communicating with the customer or a person related to the customer when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt;

c. Defendant violated WIS. STAT. § 427.104(1)(j) by its claims or attempts or threats to enforce a right with knowledge or reason to know that the right does not exist when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt;

d. Defendant violated WIS. STAT. § 427.104(1)(L) by threatening action against the customer unless like action is taken in regular course or is intended with respect to the particular debt when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt;

e. Defendant violated WIS. STAT. § 427.104(1)(e) by disclosing to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information

when Defendant disclosed to Plaintiff's mother and sister that Plaintiff allegedly owes a debt; and

f. Defendant violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, Defendant will levy Plaintiff's bank account, and Defendant will intercept Plaintiff's income tax refund if Plaintiff did not contact Defendant or pay the alleged debt.

45. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of the foregoing violations of the Wisconsin Consumer Act, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, BRANDON WISEMAN, respectfully requests that judgment be entered against Defendant for the following:

47. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) in an amount to be determined at trial;

48. Statutory damages from Defendant pursuant to WIS. STAT. § 427.304(1);

49. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

50. For such other and further relief as the Court may deem just and proper.

DATED: July 15, 2020

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff